JOSEPH DOMONICK CIMINO, APPELLANT, V. E. A. ROSEN ET AL., DOING BUSINESS AS ROSEN NOVAK AUTO COMPANY, APPELLEES.

225 N. W. 2d 567

Filed February 13, 1975. No. 39594.

David Herzog, for appellant.

Emil F. Sodoro and Michael P. Cavel, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action for false arrest and malicious prosecution. At the close of plaintiff's evidence, his petition was dismissed. We affirm the judgment of dismissal.

Plaintiff was employed by Club America, Inc., an organization, among other things, assisting members in the purchase of automobiles. Plaintiff received a check for $2,350 from a patron and deposited it in the club account. He made a $1,000 payment on the car ordered and when it was delivered, he gave defendants another check for the balance due of $1,350. The check was dishonored as the account then contained only $6.62. Defendants, being unsuccessful in contacting plaintiff by telephone, called at the club office and at plaintiff's apartment but could not locate plaintiff. The check was given on March 21, 1972, returned on March 28, 1972, and defendants' continuous efforts to locate plaintiff having failed, they entered a complaint on March 30, 1972, for issuing an insufficient fund check. A warrant was issued and plaintiff arrested. The complaint was subsequently dismissed when plaintiff redeemed the check.

False imprisonment consists of the unlawful restraint against his will of an individual's personal liberty. See Herbrick v. Samardick & Co., 169 Neb. 833, 101 N. W. 2d 488.

It is usually held that: "* * * where the process on which an arrest is made is regular and legal in form, and issued by a court of competent authority, but is sued out maliciously and without probable cause, the remedy is an action for malicious prosecution." 32 Am. Jur. 2d, False Imprisonment, § 4, p. 76.

It is evident that the action for false imprisonment will not lie. The process was regular, legal in form, and

issued by a court of competent authority. Furthermore, the arrest was not unlawful. The plaintiff did issue a no fund check and thus subject himself to a lawful arrest.

"In a malicious prosecution case, the necessary elements for plaintiff to establish are: (1) The commencement or prosecution of the proceeding against him; (2) its legal causation by the present defendant; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage, conforming to legal standards, resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action." Schmidt v. Richman Gordman, Inc., 191 Neb. 345, 215 N. W. 2d 105.

In Brumbaugh v. Frontier Refining Co., 173 Neb. 375, 113 N. W. 2d 497, the following rules were laid down: "Probable cause is a reasonable ground of suspicion, supported by facts and circumstances of such a nature as to justify a cautious and prudent person in believing that the accused was guilty. * * *

"To maintain an action for malicious prosecution the plaintiff must prove malice and want of probable cause. * * *

"In an action for malicious prosecution where there is sufficient undisputed evidence to show probable cause, the trial court should direct a verdict for the defendant. * * *

"The test as to whether or not there was probable cause is to be determined in the light of facts and circumstances as they existed and were known at the time the prosecution was commenced and not from the viewpoint of subsequently appearing facts."

At the time the prosecution was instituted the defendants knew only that they had an insufficient fund check for a considerable amount and that they could not locate the plaintiff. Certainly probable cause existed for them to believe that they had been defrauded and the law violated. There is no indication of malice. Further-

more, the plaintiff procured the dismissal of the charge by paying the check and receiving the benefit of the doubt on the question of fraudulent intent. The termination of the prosecution under such circumstances will not sustain an action for malicious prosecution. See Annotation, 67 A. L. R. 513.

We conclude that the judgment of the District Court is correct.

AFFIRMED.